UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CB EQUITIES, LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>AMERICAN BROKERS CONDUIT CORPORATION,<br><br>             Defendant. | Case No. 12-cv-05449-DMR<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SET ASIDE JUDGMENT**<br><br>Re: Dkt. No. 8 |

It has come to the attention of the undersigned that the Stipulated Judgment entered in this case on November 26, 2012 [Docket No. 8] may have been procured through fraud on the court. For this reason, the court issues an order directed to the parties and their counsel of record to show cause why the court should not set aside the Stipulated Judgment.

## I.     FACTS AND PROCEDURAL BACKGROUND

The pleadings show the following. On October 22, 2012, Plaintiff CB Equities, LLC filed suit against Defendant American Brokers Conduit Corporation. Complaint [Docket No. 1]. Plaintiff alleged that Defendant recorded a Deed of Trust originated by American Brokers Conduit regarding property located at 223 Verde Mesa, Danville, California (the "subject property") despite the fact that Defendant never made the loan that the Deed of Trust purported to secure. Compl. at ¶ 1. Plaintiff alleged that it was the owner of the subject property, that American Brokers Conduit never loaned any money to Plaintiff's predecessor in interest, and that no money was owed to American Brokers Conduit with regard to any debt associated with the Deed of Trust. *Id.* at ¶¶ 9, 11-12.

Plaintiff brought a single claim for relief for cancellation of instrument to void the Deed of Trust. *Id.* at ¶¶ 15-25. On November 13, 2012, Defendant filed an answer to the complaint. [Docket No. 4.] On November 19, 2012, the parties filed a Joint Settlement Stipulation and

1 Proposed Judgment that stated that the January 24, 2007 Deed of Trust designated Defendant
2 American Brokers Conduit Corporation as the lender, that the Deed of Trust purported to secure a
3 loan against the subject property, and that American Brokers Conduit Corporation never loaned
4 money with respect to the Deed of Trust. [Docket No. 5 at 1-2.] The Stipulation requested that
5 the court enter the parties' Proposed Judgment expunging, cancelling, and nullifying the Deed of
6 Trust. [Docket No. 5 at 2-5.]

On November 26, 2012, the undersigned entered the Stipulated Judgment and the case was terminated.[1] [Docket No. 8.] The November 26, 2012 Stipulated Judgment was recorded on November 29, 2012.

The court did not learn that anything was amiss until a related lawsuit was filed nearly three years later. On August 20, 2015, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2007-1 ("Deutsche Bank") filed a suit against the parties in this lawsuit, CB Equities, LLC and American Brokers Conduit Corporation. In that matter, Deutsche Bank seeks to cancel, extinguish or void the Stipulated Judgment entered by this court on November 26, 2012 in this case. *See* Complaint, *Deutsche Bank v. CB Equities, LLC*, No. 4:15-cv-03809 (N.D. Cal. Aug. 20, 2015) [Docket No. 1] ("Deutsche Bank Action"). Deutsche Bank alleges that CB Equities, LLC and American Brokers Conduit Corporation improperly and fraudulently extinguished the 2007 Deed of Trust on the Subject Property, and that American Brokers Conduit Corporation was not affiliated with American Brokers Conduit, the original lender on the loan. Deutsche Bank Action, First Am. Compl. ("FAC") [Docket No. 32] at ¶¶ 12-15. Deutsche Bank alleges that the Stipulated Judgment was not executed by parties who had any right, title, claim or interest in the property to expunge or extinguish the 2007 Deed of Trust. *Id.* at ¶ 18. Deutsche Bank also alleges that in the instant lawsuit, CB Equities LLC did not name Deutsche Bank, the holder of the beneficial interest, or Mortgage Electronic Registration Systems, Inc., the nominee beneficiary. *Id.* at ¶¶ 8, 16. Furthermore, as has come to light in the

---

[1] CB Equities, LLC and American Brokers Conduit Corporation consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). [Docket Nos. 6, 7.] Therefore, the undersigned had full authority to enter judgment in this matter.

1  Deutsche Bank Action, Deutsche Bank is in a dispute with subsequent purchasers of the subject
2  property regarding the parties' respective interests in the property. That dispute is pending before
3  a California state court.

## II. LEGAL STANDARD

Courts have discretion pursuant to their "inherent equity power to vacate judgments obtained by fraud." *United States v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

Federal Rule of Civil Procedure 60(d)(3) preserves this inherent power and recognizes that Rule 60, which governs relief from a judgment or order, does not limit a court's power to "set aside a judgment for fraud on the court." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003). A court must "exercise the power to vacate judgments for fraud on the court with restraint and discretion, and only when the fraud is established by clear and convincing evidence." *Estate of Stonehill*, 660 F.3d at 443 (internal quotation marks and citations omitted). There is no time limit on the court's power to set aside judgments based on a finding of fraud on the court. *Id.* The court may vacate a judgment sua sponte, but should give the affected parties notice and an opportunity to be heard. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351 (9th Cir. 1999).

"Fraud on the court" is read narrowly to mean "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Appling*, 340 F.3d at 780. "Fraud on the court requires a 'grave miscarriage of justice,' and a fraud that is aimed at the court." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). "A fraud on the court is an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 805 (9th Cir. 1982) (internal quotation marks and citation omitted). The relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it "harmed the integrity of the judicial process." *Estate of Stonehill*, 660 F.3d at 444 (citation and alterations omitted).

### III. ANALYSIS

This case appears to present a textbook example of an "unconscionable plan or scheme" designed to improperly influence the court that "harmed the integrity of the judicial process." *Phoceene Sous-Marine, S.A.*, 682 F.2d at 805; *Estate of Stonehill*, 660 F.3d at 444. Normally, cases seeking relief from judgment for fraud on the court involve alleged fraudulent behavior by one party that causes another party to challenge the integrity of the judgment. *See, e.g.*, *Estate of Stonehill*, 660 F.3d 415 (tax payers appealed denial of their Rule 60(b) motion to vacate a tax judgment against them, arguing that the government committed fraud on the court during a suppression hearing); *Appling*, 340 F.3d 769 (agents brought independent action to set aside a prior judgment for fraud on the court); *In re Levander*, 180 F.3d 1114 (9th Cir. 1999) (Chapter 11 debtors moved to amend bankruptcy court order awarding the attorney fees, seeking to designate partnership to which judgment debtor's assets had been conveyed as additional judgment debtor based on fraud on the court). By contrast, in this case, it appears that Plaintiff and Defendant worked together to mislead the court and obtain a fraudulent stipulated judgment.

Specifically, the record reveals that the designated lender on the Deed of Trust in question was *not* Defendant American Brokers Conduit Corporation, but American Brokers Conduit. Deed of Trust [Docket No. 5-1] at 2-3. In the Joint Settlement Stipulation and Proposed Order submitted to the court, Plaintiff CB Equities, LLC and Defendant American Brokers Conduit Corporation improperly stipulated that the Deed of Trust (Document Number 2007-0028086-00) designated American Brokers Conduit *Corporation* (rather than American Brokers Conduit) as the lender. Stipulation [Docket No. 5] at 1.

In this way, both parties appear to have worked together to hide a key fact from the court— namely that non-party American Brokers Conduit, and not Defendant American Brokers Conduit Corporation, was the lender on the loan. The parties may well have done so in order to fraudulently obtain the court's entry of a stipulated judgment. This resulted not only in harm to others such as Deutsche Bank, whose interests in the property have been muddied by the parties' actions, but to the judicial system itself, which appears to have been duped into becoming a participant in the deceptive act. *See Estate of Stonehill*, 660 F.2d at 444 (fraud on court involves

"far more than an injury to a single litigant," quoting *Hazel–Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)); *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989) (in determining whether fraud constitutes fraud on the court, relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it "harmed the integrity of the judicial process.").

The deceptive actions in this case have resulted in a criminal indictment. *United States v. Jacobsen*, No. 15-cr-518, (N.D. Cal. Nov. 5, 2015), alleges a scheme in which Defendant Robert Jacobsen, who controlled American Brokers Conduit Corporation, initiated fraudulent lawsuits designed to give the appearance that the mortgage liens on the homes to which he had obtained title were invalid. Indictment at ¶¶ 3, 7-10 [Docket No. 1].[2] The indictment alleges that Jacobsen obtained title to homes secured mortgage loans that had been originated by American Brokers Conduit, including at least one home located in Danville, California.[3] *Id.* ¶¶ 3, 8. He then placed title to these homes in the name of shell companies that he controlled. *Id.* ¶ 9. The indictment further alleges that Jacobsen initiated fraudulent lawsuits, and that to do so, "he hired an attorney, N.B., to sue ABC Corp., the company that he had created and controlled, and directly or through

---

[2] The court may consider facts properly subject to judicial notice including the existence of court dockets and filings in related proceedings. *Porter v. Ollison,* 620 F.3d 952, 954–55 (9th Cir.2010) (taking judicial notice of state court docket, filings, and disciplinary proceedings). The court therefore takes judicial notice of the Indictment only as to evidence of the crime charged, and not for the truth of any matter asserted therein. *Princeton Strategic Inv. Fund, LLC v. United States*, No. C 04-04310 JW, 2011 WL 6176221, at *6 n.31 (N.D. Cal. Dec. 7, 2011) (granting request for judicial notice of indictment); *Tene v. City & Cty. of San Francisco*, No. C00-03868WHA, 2001 WL 1112174, at *2 (N.D. Cal. Aug. 29, 2001), *rev'd on other grounds*, 68 F. App'x 33 (9th Cir. 2003) (taking judicial notice of grand jury indictment).

[3] The subject property in this case is located at 223 Verde Mesa Drive, Danville, California. The Indictment alleges that Jacobsen transmitted a "Grant Deed" recorded by CeRTNA electronic recording system, conveying property in Danville, California from CB Equities to Windeler Development on December 27, 2012. Indictment at ¶ 16, *United States v. Jacobsen*, No. 15-cr-518, (N.D. Cal. Nov. 5, 2015), [Docket No. 1]. The court takes judicial notice that a Grant Deed transferring the interest in the Subject Property from CB Equities LLC to Windeler Development Group, Inc. was recorded on December 27, 2012 in the Contra Costa County Recorder's Office as Document Number 2012-0330796-00. Under Federal Rule of Evidence 201(b), publicly-recorded real estate instruments and notices, including deeds of trust and default and foreclosure notices, are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Petrovich v. Ocwen Loan Servicing, LLC*, No. 15-CV-00033-EMC, 2016 WL 555959, at *3 (N.D. Cal. Feb. 12, 2016).

N.B., falsely claimed that the mortgage liens on the homes were invalid. Jacobsen, directly or through an individual named P.T., hired attorneys to represent ABC Corp. in these lawsuits. At Jacobsen's direction, ABC Corp. agreed to stipulated judgments purporting to invalidate the mortgage liens on these homes that had been originated by the real ABC." *Id.* ¶ 10. "Jacobsen, directly or through the attorneys, fraudulently omitted to inform the courts that the ABC Corp. that was a party to the lawsuit had not actually originated the mortgages on the homes, nor did it own or have any legal interest in the mortgages on the homes. Jacobsen also fraudulently omitted to inform the courts that he controlled the entities on both sides of the lawsuit." *Id.*

The court notes that Plaintiff and Defendant have both been given notice that the stipulated judgment is under attack by Deutsche Bank, and were provided numerous opportunities to be heard. Both Plaintiff and Defendant were served with key documents from the Deutsche Bank Action, including the complaint, motion for default judgment which sought to cancel the stipulated judgment, and supplemental briefing. Deutsche Bank Action Proofs of Service [Docket Nos. 35, 36 (First Am. Compl.), 37-1 (Mot. for Entry of Default), 40-2 (Mot. for Default J.), 70 (Order re: Suppl. Br.)]. Plaintiff and Defendant did not respond or otherwise participate in that action. On December 10, 2015 and May 12, 2016, the court held hearings on Deutsche Bank's motion for default judgment seeking to cancel the stipulated judgment. Deutsche Bank Action [Docket Nos. 27, 73]. Plaintiff and Defendant did not appear or request to be heard. *Id.*

Although the parties have had ample notice and opportunity to defend the validity of the stipulated judgment, in an excess of caution, the court now issues this order to show cause why the stipulated judgment should not be set aside for fraud on the court. The parties shall show cause in writing by no later than August 25, 2016. If a party does not show cause by that deadline, it will be deemed to have waived its right to object to an order to set aside the stipulated judgment.

**IT IS SO ORDERED.**

Dated: August 16, 2016

Donna M. Ryu
United States Magistrate Judge

6